UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ERIC GRANDBERRY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:21-cv-02260-TWP-TAB |
| | ) |
| CAPT. CAREY, | ) |
| DEFOE, | ) |
| FELTZ, | ) |
| MUNDELL, | ) |
| | ) |
| Defendants. | ) |

**ORDER SCREENING COMPLAINT, DISMISSING INSUFFICIENT CLAIMS,
AND DIRECTING SERVICE OF PROCESS**

Plaintiff Eric Grandberry is currently incarcerated at the Hamilton County Jail. Because Mr. Grandberry is a "prisoner" as defined by 28 U.S.C. § 1915(A)(c), this Court has an obligation under 28 U.S.C. § 1915(A)(a) to screen his complaint.

### I. Screening Standard

Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). *Pro se* complaints such as that filed by Mr. Grandberry

are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015).

## II. The Complaint

Mr. Grandberry names the following defendants in his complaint: (1) Captain Carey, (2) Officer Defoe, (3) Officer Feltz, and (4) Officer Mundell. Dkt. 1. The Court briefly summarizes Mr. Grandberry's allegations below.

First, Mr. Grandberry claims that on occasion his legal mail was opened outside of his presence, that sometimes officers read his mail in front of him, and that a mailed item was confiscated. Dkt. 1-1 at 1. Specifically, Mr. Grandberry alleges that Officer Mundell attempted to deceive him by acting like he was opening the mail in front of him – but it had already been opened. *Id.* Officer Feltz opened and read the mail and took a portion of it saying that Mr. Grandberry could not have it because it was written in ink. *Id.* Mr. Grandberry also states that he is not receiving his subscription to the Indy Star while at the Jail. He states that Captain Carey is aware of his concerns but refuses to address them.

Second, Mr. Grandberry states that the Jail limits the number of grievances that he is able to file per day. He is allowed to file only one actual grievance and two requests for grievance forms per day, and two grievance appeals per month. *Id.* He was told the policy would not be changed, and he states this does not coincide with the Jail's handbook on the process. *Id.*

Third, Mr. Grandberry states he has informed Captain Carey that requiring inmates to share fingernail clippers within the facility is not sanitary and creates a risk of contracting diseases. *Id.* Captain Carey told him that the fingernail clippers are disinfected between uses, but Mr. Grandberry alleges that every officer fails to follow directions on disinfecting them, which requires at least three minutes of soaking between uses. *Id.*

Fourth, Mr. Grandberry alleges that on July 29, 2021, Officer Defoe was upset and assaulted him while Mr. Grandberry was trying pass a drink to his neighboring cellmate through his cellmate's door. *Id.* at 2. Officer Defoe "chopped [his] wrist trying to prevent this" and then "shoved [him] forcefully" in his back to try to make him fall. *Id.* Mr. Grandberry states this action re-injured a pre-existing problem with his back and sciatic nerve. Dkt. 1 at 5. He states he was taken to sick call for the issue only after his family called the Jail, and the nurse only took his blood pressure and temperature and prescribed Tylenol. *Id.* Mr. Grandberry states he wanted to file charges of assault against Officer Defoe, but Captain Carey told him that his actions, specifically Mr. Grandberry's request for the spelling of Officer Defoe's name, "warranted the strike and shove." Dkt. 1-1 at 2.

### III. Discussion of Claims

According to the complaint, Mr. Grandberry is a pretrial detainee. Dkt. 1 at 4. Thus, his constitutional rights are derived from the Due Process Clause of the Fourteenth Amendment, rather than the Eighth Amendment, which is applicable to convicted prisoners. *See, e.g., Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2475 (2015); *Budd v. Motley*, 711 F.3d 840, 842 (7th Cir. 2013).

**A. Dismissed Claims and Defendants**

**1. Mail**

Mr. Grandberry raises issues regarding his legal and non-legal mail. While inmates have a First Amendment right both to send and receive mail, that right does not preclude prison officials from examining mail to ensure that it does not contain contraband. *Kaufman v. McCaughtry*, 419 F.3d 678, 685-86 (7th Cir. 2005) (citing *Rowe v. Shake*, 196 F.3d 778, 782 (7th Cir. 1999)); *see also Harrison v. Cty. of Cook, Ill.*, 364 F. App'x 250, 252 (7th Cir. 2010) (citing *Lewis v. Casey,* 518 U.S. 343, 349–50 (1996); *Ortiz v. Downey,* 561 F.3d 664, 671 (7th Cir. 2009)) (inmate alleging

that legal mail was opened outside his presence must demonstrate that he suffered actual injury as a result). Mr. Grandberry has described no adverse effect from the fact that any legal mail was opened by Officer Mundell, Officer Feltz, or any other staff member in or outside of his presence, or that any item taken from this mail caused him an actual injury. Further, there is no Fourth Amendment right to privacy in prison. *Hudson v. Palmer*, 468 U.S. 517, 530 (1984); *Martin v. Tyson*, 845 F.2d 1451, 1457 (7th Cir. 1988) (no right to be free from inspection of personal correspondence outside a prisoner's presence). Mr. Grandberry does not specifically allege that the inspected materials contained confidential attorney-client communications, otherwise protected by the First Amendment. Thus, any claims that Officer Mundell, Officer Feltz, or other prison officials reviewed Mr. Grandberry's legal documents is **dismissed**.

As it relates to Mr. Grandberry's non-legal mail—his subscription to the Indy Star—Mr. Grandberry states that his subscription has been confirmed by Indy Star, but he has not received the paper in Jail. Dkt. 1-1 at 1. He states that the Jail "claims they are not getting the newspaper" but that there are other newspapers from Indy Star that are getting delivered. *Id.* Mr. Grandberry has not alleged that any defendant has banned him from getting his subscription or has somehow circumvented the process for him to receive the paper. "Individual liability under § 1983 . . . requires personal involvement in the alleged constitutional deprivation." *Colbert v. City of Chi.*, 851 F.3d 649, 657 (7th Cir. 2017) (internal quotation omitted) (citing *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983) ("Section 1983 creates a cause of action based on personal liability and predicated upon fault. An individual cannot be held liable in a § 1983 action unless he caused or participated in the alleged constitutional deprivation . . . . A causal connection, or an affirmative link, between the misconduct complained of and the official sued is necessary.")). Without more,

for example, identifying any personal liability of any defendant who somehow circumvented his access to this subscription, any claims regarding this non-legal mail are **dismissed**.

### 2. Grievance Policy Limitations

Mr. Grandberry raises issue with the grievance policy at the Jail—in particular certain limitations to it. But the Seventh Circuit has "specifically denounce[ed] a Fourteenth Amendment substantive due process right to an inmate grievance procedure." *Grieveson v. Anderson*, 583 F.3d 763, 772 (7th Cir. 2008). As explained in *Antonelli v. Sheahan*, 81 F.3d 1422, 1430-31 (7th Cir. 1996), "any right to a grievance procedure is a procedural right, not a substantive one. Accordingly, a state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause." *Id.* at 1430-31 (internal citations omitted). Likewise, there is no First Amendment right to a grievance process. Accordingly, Mr. Grandberry's claims regarding the grievance policy are **dismissed**.

### 3. Disinfecting of Fingernail Clippers

Mr. Grandberry claims that the Jail is not following directions on how to properly disinfect fingernail clippers, which are shared among the inmate population. Dkt. 1-1 at 2. But the failure to follow any established protocol or guideline, by itself, is not enough to implicate a constitutional violation. *See, e.g., Estate of Simpson v. Gorbett*, 863 F.3d 740, 746 (7th Cir. 2017) ("Section 1983 protects against constitutional violations, not violations of . . . departmental regulation . . . practices[.]") (internal quotation omitted); *Waubanascum v. Shawano County*, 416 F.3d 658, 670 (7th Cir. 2005) (neither negligence nor a violation of state law provide a basis for liability under § 1983); *J.H. ex rel. Higgin v. Johnson*, 346 F.3d 788, 793 (7th Cir. 2003) ("State law violations do not form the basis for imposing § 1983 liability."). There is no factual basis upon which to conclude that any defendants' failure to follow disinfection protocols or guidelines violated Mr. Grandberry's

5

constitutional rights. For example, Mr. Grandberry does not allege that he was injured as result of using any fingernail clippers; rather, he asserts only that he "informed" Captain Carey that the procedure was unsanitary and was "very risky" for contraction of disease. Dkt. 1-1 at 1. Accordingly, these claims are **dismissed**.

### 4. Excessive Force Claims and Captain Carey

Mr. Grandberry described an incident of force involving Officer Defoe on July 29, 2021. *Id.* at 1-2. After the alleged assault, Mr. Grandberry wanted action taken to file charges but states that Captain Carey stated the force was warranted. *Id.* To the extent that Mr. Grandberry attempts to assert a claim against Captain Carey regarding this incident with Officer Defoe, **his claim is dismissed**. Mr. Grandberry has not alleged that Captain Carey was personally involved in the incident itself, and thus, any claim against him fails.

### B. Claims that Shall Proceed

The Court does discern that Mr. Grandberry has asserted an **excessive force claim against Officer Defoe** based on the allegations related to the incident on July 29, 2021. Therefore, **this claim shall proceed**.

### IV. Conclusion and Issuance of Process

The claims discussed in Part III(B) are the only claims the Court identified in the complaint. All other claims are **dismissed for failure to state a claim** upon which relief can be granted. If Mr. Grandberry believes he asserted additional claims that were not discussed in this Order, he must notify the Court **no later than December 29, 2021**.

**The clerk is directed** pursuant to Fed. R. Civ. P. 4(c), to issue process to defendant Officer Defoe in the manner specified by Rule 4(d). Process shall consist of the complaint (docket 1),

applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Order.

**The clerk is directed to terminate** Captain Carey, Officer Feltz, and Officer Mundell as defendants on the docket.

**IT IS SO ORDERED.**

Date:   12/2/2021

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

ERIC GRANDBERRY
167127
Hamilton County Jail
18102 Cumberland Rd
Noblesville, IN 46060

Officer Defoe
Hamilton County Jail
18102 Cumberland Rd.
Noblesville, IN 46060