UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ERIC GRANDBERRY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:21-cv-02260-TWP-TAB |
| | ) |
| DEFOE, Officer | ) |
| | ) |
| Defendant. | ) |

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

This matter is before the Court on a Motion for Summary Judgment filed by Defendant Noah DeFoe ("Officer DeFoe") pursuant to Federal Rule of Civil Procedure 56 (Dkt. 35). Plaintiff Eric Grandberry ("Grandberry"), an Indiana prisoner, has sued Officer DeFoe pursuant to 42 U.S.C. § 1983 alleging that Officer DeFoe used excessive force against him in violation of the Fourteenth Amendment (Dkt. 1). Officer DeFoe contends that summary judgment should be entered in his favor both because he is entitled to qualified immunity and because he did not use excessive force during the events of July 29, 2021. For the reasons explained below, summary judgment is **granted**.

I.   **STANDARD OF REVIEW**

Parties in a civil dispute may move for summary judgment, which is a way of resolving a case short of a trial. *See* Fed. R. Civ. P. 56(a). Summary judgment is appropriate when there is no genuine dispute as to any of the material facts, and the moving party is entitled to judgment as a matter of law. *Id.*; *Pack v. Middlebury Comm. Sch.*, 990 F.3d 1013, 1017 (7th Cir. 2021). A "genuine dispute" exists when a reasonable factfinder could return a verdict for the nonmoving

party.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  "Material facts" are those that might affect the outcome of the suit.  *Id.*

When reviewing a motion for summary judgment, the Court views the record and draws all reasonable inferences from it in the light most favorable to the nonmoving party.  *Khungar v. Access Cmty. Health Network*, 985 F.3d 565, 572-73 (7th Cir. 2021).  It cannot weigh evidence or make credibility determinations on summary judgment because those tasks are left to the factfinder.  *Miller v. Gonzalez*, 761 F.3d 822, 827 (7th Cir. 2014).  The court is only required to consider the materials cited by the parties, *see* Fed. R. Civ. P. 56(c)(3); it is not required to "scour every inch of the record" for evidence that is potentially relevant.  *Grant v. Tr. of Ind. Univ.*, 870 F.3d 562, 573-74 (7th Cir. 2017).

> [A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact.

*Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986).  "[T]he burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case."  *Id*. at 325.

## II.   FACTUAL BACKGROUND

Because Officer DeFoe has moved for summary judgment under Rule 56(a), the Court views and recites the evidence "in the light most favorable to [Grandberry], the non-moving party and draw[s] all reasonable inferences in that party's favor."  *Zerante v. DeLuca*, 555 F.3d 582, 584 (7th Cir. 2009) (citation omitted).  The following facts are not in dispute except as noted.

At all times relevant to the Complaint, Grandberry was a pretrial detainee at the Hamilton County Jail (the "Jail"), and Officer DeFoe was employed as a correctional officer at the Jail.  (Dkt.

38-1 at 1.) On July 29, 2021, Officer DeFoe and Grandberry argued about whether Grandberry had cleaned the walls of his cell. *Id*. at 1; Dkt. 39 at 48, lines 17-25. After some "back and forth" between them, during which Grandberry expressed that he should not have been required to clean the walls but had nevertheless done so, Grandberry called Officer DeFoe "a sorry motherfucker." *Id.* at 2; Dkt. 39 at 49, lines 1-12. As Officer DeFoe began walking away, Grandberry asked for the spelling of Officer DeFoe's name for purposes of filing a grievance against him. *Id*., lines 17-18.

Officer DeFoe then ordered Grandberry to go downstairs for a "timeout." *Id*., line 19-20. Grandberry complied with Officer DeFoe's instruction to go to the front of the cell block, but then turned around to hand off a Gatorade bottle to another inmate. *Id*., lines 21-23. Officer DeFoe attests that he did not know what object was in Grandberry's hand and that he knocked the object to the ground. (Dkt. 38-1 at 2.) He then placed his right hand on Grandberry's back, turned him back around, and told him to keep heading toward the door in the front of the block. *Id*. Grandberry does not dispute this sequence of events except to characterize Officer DeFoe's touching of his arm as a "chop[]" and the touching of his back as a "shove[]." (Dkt. 39 at 49-50). Officer DeFoe's arm chop caused Grandberry pain in his wrist the remainder of that day. *Id*. at 51, lines 6-19. Officer DeFoe's shove on his back caused him to "strain to maintain [his] balance," *id*. at 41, line 24, and that he felt pain because the shove exacerbated Grandberry's pre-existing, undiagnosed back injury, *id*. at 71, lines 1-14.

A review of the prison security video from the incident shows that at approximately 10:17:40 p.m. on July 29, 2021, Officer DeFoe touched Grandberry's left hand as he was handing off an object to another inmate. (Dkt. 48 at 10:17:53.) Grandberry's hand appears to lower slightly under the touch. *Id*. at 10:17:54. The video also shows Officer DeFoe lifting his right hand onto

3

Grandberry's back. *Id*. at 10:17:55. In the footage, Grandberry's balance and gait appears unaffected by Officer DeFoe's shove to his back. *Id*. at 10:17:55 to 10:17:59 P.M.

Grandberry has also submitted various statements from other inmates at the Jail who witnessed the incident. But as Officer DeFoe correctly points out, *see* Dkt. 47 at 2-5, these statements are not verified and are therefore inadmissible for the Court's consideration. *Gunville v. Walker*, 583 F.3d 979, 985 (7th Cir. 2009) ("Admissibility is the threshold question because a court may consider only admissible evidence in assessing a motion for summary judgment."). Regardless, these statements serve only to corroborate Grandberry's characterization of the incident, so even if they were admissible, they would not have affected the Court's analysis below.

### III.    DISCUSSION

Grandberry has sued Officer DeFoe pursuant to 42 U.S.C. § 1983 alleging that Officer DeFoe used excessive force against him in violation of the Fourteenth Amendment. Excessive force under the Fourteenth Amendment must be more than *de minimis*; rather, it is "force that amounts to punishment." *Kingsley v. Hendrickson*, 576 U.S. 389, 396–97 (2015); *see also Graham*, 490 U.S. at 396 ("Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates the [Constitution]."). A pretrial detainee proves a Fourteenth Amendment violation by showing that the "force purposely or knowingly used against him was objectively unreasonable." *Kingsley*, 576 U.S. at 396–97. "[O]bjective reasonableness turns on the 'facts and circumstances of each particular case.'" *Id.* at 397 (quoting *Graham*, 490 U.S. at 396).

A non-exclusive list of considerations that "may bear on the reasonableness or unreasonableness of the force used" includes:

- the relationship between the need for the use of force and the amount of force used.

- the extent of the plaintiff's injury;
- any effort by the officer to temper or limit the amount of force;
- the severity of the security problem at issue;
- the threat reasonably perceived by the officer; and
- whether the plaintiff was actively resisting.

*Id.* (citing *Graham*, 490 U.S. at 396).

A jury determining whether force was objectively reasonable must consider the evidence "from the perspective of a reasonable officer on the scene, including what the officer knew at the time, not with the 20/20 vision of hindsight." *Id.* Furthermore, a court "must also account for the 'legitimate interests that stem from the government's need to manage the facility in which the individual is detained ... appropriately deferring to 'policies and practices that in the judgment' of jail officials 'are needed to preserve internal order and discipline and to maintain institutional security.'" *Id.* (quoting *Bell v. Wolfish*, 441 U.S. 520, 540, 547 (1979)).

Here, Grandberry alleges that Officer DeFoe used excessive force when, after he was told to walk forward and instead turned back to hand an object to another inmate, Officer DeFoe "chopped [his] hand and shoved [him]." (Dkt. 39 at 50.) This brief and isolated contact is the sort of *de minimis* force that does not constitute a constitutional deprivation. *See Graham*, 490 U.S. at 396 ("Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates the [Constitution]."); *see also Dewalt v. Carter*, 224 F.3d 607, 619-620 (7th Cir. 2000) (holding that defendant's one-time use of force to shove prisoner against a door frame and bruise him was *de minimis*).

Even if the Court were to find that the force was not *de minimis*, Grandberry could prevail only if a reasonable jury could review the designated evidence and conclude that Officer DeFoe's use of force was objectively unreasonable. After applying the *Kingsley* factors, however, no reasonable jury could reach that conclusion. Grandberry admits that he and Officer DeFoe kept

5

going "back and forth" about the cleaning of his cell, that he called Officer DeFoe "a sorry motherfucker" and that he stopped following Officer DeFoe's instruction to walk forward and instead turned back to hand an object to another inmate. (Dkt. 39 at 49, lines 6-12, 22-23.) Any reasonable jury considering the designated evidence would find that the force Officer DeFoe used was not excessive to the task at hand—specifically, maintaining order and security and transporting Grandberry for a "timeout" in a different area of the Jail after he argued and used profanity against Officer DeFoe. *Id*. at 49. The undisputed evidence, which includes video evidence, shows that Officer DeFoe briefly touched Grandberry's wrist and back because he had stopped following Officer DeFoe's instructions and was handing an unknown object to another inmate. *See Lewis v. Downey*, 581 F.3d 467, 476 (7th Cir. 2009) ("Orders given must be obeyed. Inmates cannot be permitted to decide which orders they will obey, and when they will obey them...." (cleaned up).

Given Grandberry's display of anger toward Officer DeFoe and use of profanity, his lapse in following Officer DeFoe's instructions, the perceived threat of the unknown object Grandberry was handing off to another inmate, the brief nature of the force used, and the limited extent of any resulting injury, no reasonable jury could conclude that the force used by Officer DeFoe was excessive. *Kingsley*, 576 U.S. at 396–97. Thus, Officer DeFoe is entitled to summary judgment.

Because the Court finds that no constitutional violation occurred, it need not address Officer DeFoe's defense of qualified immunity. *Sparing v. Village of Olympia Fields,* 266 F.3d 685, 688 (7th Cir. 2001) (the first step of a qualified immunity determination is whether the plaintiff has shown the violation of an actual constitutional right).

### IV.    CONCLUSION

For the reasons above, Officer DeFoe's Motion for Summary Judgment, Dkt. [35], is

**GRANTED**.  Final judgment consistent with this Order shall issue separately.

    **SO ORDERED.**

Date:  9/6/2023

                                            Hon. Tanya Walton Pratt, Chief Judge
                                            United States District Court
DISTRIBUTION:                          Southern District of Indiana

Eric Grandberry, #146430
PUTNAMVILLE CORRECTIONAL FACILITY
Inmate Mail/Parcels
1946 West U.S. Hwy 40
Greencastle, Indiana 46135

Donald B. Kite, Sr.
DONALD B. KITE, SR., ATTORNEY AT LAW
don.kite@gmail.com